**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.   22-14048-CR-CANNON/MAYNARD**

**UNITED STATES OF AMERICA**

**v.**

**ELIJAH DANIEL SHAW,**

**Defendant.**

_____/

**UNITED STATES' RESPONSE TO DEFENDANT'S REQUEST FOR A DOWNWARD**
**VARIANCE AND SENTENCING MEMORANDUM**

The United States of America, by and through the undersigned Assistant United States

Attorney, hereby responds to the defendant's request for a downward variance under 18 U.S.C. §

3553(a).   The United States respectfully submits a downward variance is not warranted, and that

a sentence of 259 months' imprisonment, after taking into account the value of the defendant's

substantial assistance, is sufficient, but not greater than necessary, to reflect the nature and

circumstances and seriousness of the offense, the history and characteristics of the defendant, the

need to promote respect for the law, provide just punishment, afford adequate specific and general

deterrence, and protect the public from further crimes of the defendant.

**BACKGROUND**

On October 20, 2022, a federal grand jury returned a Second Superseding Indictment

charging Elijah Daniel Shaw ("Shaw") and Dustin Singleton ("Singleton") with production of

visual depictions involving the sexual exploitation of minors (Count One), and Shaw with

possession of visual depictions involving the sexual exploitation of minors (Count Nine) [ECF No.

39].

On January 25, 2023, Shaw pleaded guilty as charged [ECF Nos. 120-122, 129, 160].   As part of his plea agreement, Shaw agreed to cooperate with the United States.

Shaw's sentencing hearing is scheduled for August 29, 2023. [1]   According to the Presentence Investigation Report ("PSI"), Shaw has a Total Offense Level of 41 and criminal history category of I, which yields an advisory sentencing guideline range of 324 – 405 months' imprisonment.   (PSI at ¶¶ 84, 87, 133.)

Shaw's total offense level includes several guideline enhancements.   Shaw received a two-level enhancement under Section 2G2.1(b)(1)(B) of the Guidelines because the offense he pled guilty to involved a minor under the age of sixteen, a four-level enhancement under Section 2G2.1(b)(2)(B) because the offense involved the commission of a sexual act and conduct described in 18 U.S.C. § 2241(a) or (b), a four-level enhancement under Section 2G2.1(b)(4)(A) because the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence, and a two-level enhancement under Section 2G2.2(b)(6) because the offense involved the use of a computer.   (PSI at ¶¶ 73-76.)

Shaw is subject to a mandatory minimum sentence of 15 years' imprisonment on Count One of the Second Superseding Indictment.

On August 21, 2023, the United States filed a motion for downward departure pursuant to Section 5K1.1 of the Guidelines based on Shaw's cooperation [ECF No. 270].   The United States believes Shaw's cooperation to date constitutes substantial assistance.   To that end, the United States requested the Court to depart downward from the bottom of Shaw's advisory sentencing

---

[1] Singleton's sentencing hearing is also scheduled for August 29, 2023.   Singleton pleaded guilty to the same offense as Shaw, and other offenses involving additional minor victims [ECF Nos. 242-244].

guideline range, which is 324 months, and sentence Shaw to a total sentence of 259 months' imprisonment, which represents a departure of approximately 20%.   The United States will advise the Court of the details of Shaw's substantial assistance at his sentencing hearing.

On August 22, 2023, Shaw filed a Sentencing Memorandum, in which he seeks a downward variance under 18 U.S.C. § 3553(a) [ECF No. 272].

## ANALYSIS

The overarching objective of a sentencing court is to fashion a sentence that is sufficient, but not greater than necessary, to accomplish the goals of sentencing.  *Kimbrough v. United States*, 552 U.S. 85, 101 (2007).   The sentencing court should begin the process by correctly calculating the applicable guideline range and must "remain cognizant of [the Guidelines] throughout the sentencing process."  *Gall v. United States*, 552 U.S. 38, 50 n.6 (2007).   Section 1B1.1 of the Sentencing Guidelines outlines, in express language, the order which district courts are to proceed.   First, the district court calculates the applicable guideline range.   U.S.S.G. § 1B1.1(a).   Second, the district court applies any applicable departures under Sections H and K of Chapter 5.   U.S.S.G. § 1B1.1(b).   After the first two steps are complete, "the Court shall then consider the applicable factors in 18 U.S.C. § 3553(a) taken as a whole."   U.S.S.G. § 1B1.1(c).

The Section 3553(a) factors are:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

> (B) to afford adequate deterrence to criminal conduct;

> (C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocations training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established in the Guidelines;

(5) any pertinent policy statement by the Sentencing Commission;

(6) the need to avoid unwarranted disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims.

18 U.S.C. § 3553(a)(1)-(7).

"Nothing requires a sentencing court to give the advisory guidelines range as much weight as it gives any other § 3553(a) factor or combination of factors."  *United States v. Rosales-Bruno*, 789 F.3d 1249, 1259 (11th Cir. 2015).  "A sentence's variance outside the guidelines range, whether upward or downward, represents a district court's judgment that the combined force of the other § 3553(a) factors are entitled to greater weight than the guidelines range."  *Id*.

### *Nature and Circumstances and Seriousness of the Offense*

On January 31, 2022, at Singleton's direction, Shaw picked up Victim 1 from a location near her residence, in Saint Lucie County, Florida, and drove her to Singleton's tattoo shop, in Port Saint Lucie, Florida.   Victim 1 was 13 years old at the time.   Shaw was 21 years.   Singleton was 41 years old.

After Singleton tattooed the arm of Victim 1, Singleton and Shaw proceeded to rape Victim 1 inside Singleton's closed tattoo shop, over the course of approximately six hours.   Singleton and Shaw both recorded the rape on their respective cellphones, which immediately preserved the evidence in Apple's iCloud.   While Singleton and Shaw were raping Victim 1, Singleton administered methamphetamine through a pipe to Victim 1, which Shaw recorded on his

4

cellphone.   At one point during the rape, Singleton inserted a torch lighter into Victim 1's vagina, while she performed oral sex on Shaw.   Although the United States does not intend to play any of the recordings at Shaw's sentencing, it merits noting that at several intervals on the recordings, Victim 1 calls out for help and expresses that she can't take any more pain.   Singleton and Shaw, undeterred by Victim 1's pleas for mercy, continued to rape her – *over and over again*.   (PSI at ¶¶ 12, 26-27, 30, 44, 54-59.)

On January 31, 2022, Victim 1 was reported missing by her parents.   On February 4, 2022, Victim 1's mother learned that Victim 1 was at a friend's house.   When Victim 1's mother found her daughter, Victim 1 was in severe pain and could not walk.   Victim 1's mother took Victim 1 to the hospital, where Victim 1 was diagnosed with a vaginal infection that required surgery. Victim 1 told her mother that she had been raped by two men.   Victim 1 also reported that at some point, they put a gun to her head and said they would kill her if she told anyone.   (PSI at ¶¶ 41-42.)

It is difficult to envision a more harrowing experience than being drugged and brutally raped by two men over a period of several hours.   Unfortunately for Victim 1, that was not all she had to endure at the hands of her rapists – Singleton and Shaw had the audacity to record their crime, presumably so they could relive the horror they visited upon Victim 1 for their own personal gratification.   Shaw's conduct was egregious, serious, and significant, and demonstrates a blatant disregard for the humanity of others.   Someday, Shaw will likely walk amongst society again as a free man.   Perhaps he will be able to forget what transpired at Singleton's tattoo shop on January 31, 2022.   Victim 1 does not have that luxury, and will likely never forget what happened to her that day.

The nature and circumstances and seriousness of the offense counsel against a downward variance, and cry out for a significant sentence.

<em><strong>History and Characteristics of the Defendant</strong></em>

The United States acknowledges Shaw's criminal history is minimal.  Shaw's lack of criminal history, however, has already been adequately taken into account by virtue of his criminal history designation (Category I).   More importantly, Shaw's lack of criminal history, on balance, does not negate the gravity of his conduct or the harm he and Singleton inflicted upon Victim 1.

The United States does not dispute that Shaw suffers from drug addiction and mental health issues.   As this Court is well aware, drug addiction is unfortunately the rule, not the exception, for federal defendants.   While Shaw's voluntary drug abuse may have led to poor decision making, it in no way excuses his conduct.   The Bureau of Prisons is well equipped to deal with drug addiction and mental health issues through various treatment programs, and the United States submits the defendant should avail himself of those opportunities.

As for Shaw's ADHD, the United States submits Shaw, an adult, is fully capable of appreciating the consequences of raping a 13-year old girl, and that his ADHD did not prevent him from understanding the depravity of his conduct.

<em><strong>The Need for the Sentence to Promote Respect for the Law, Provide Just Punishment for the Offense, Afford Adequate Specific and General Deterrence, and Protect the Public from Further Crimes of the Defendant</strong></em>

Singleton and Shaw drugged and brutally raped a 13-year old girl.   Shaw must be held accountable for his actions and the role he played in tormenting Victim 1.   Granting a variance in this case would send precisely the wrong message: that predatory sex crimes are not serious, that the dangers associated with child rape are overblown, and that the penalties for such offenses set forth in the United States Code and Sentencing Guidelines need not be strictly followed.

6

To the contrary, the Court should impose a sentence sufficient enough to: (1) deter Shaw from ever committing a similar offense again; and (2) serve as an example to those who prey on and sexually abuse children that there will be a high price to pay if they commit such crimes in the Southern District of Florida.

The United States submits a sentence of 259 months' imprisonment, after taking into account the value of Shaw's substantial assistance, is necessary to promote respect for the law, provide just punishment for the offense, afford adequate specific and general deterrence, and protect the public from further crimes of the defendant.

### *Parity in Sentencing*

Finally, Shaw should expect to be treated like other similarly situated defendants. Parity in sentencing among similarly situated federal defendants across the country is fundamental to the proper administration of justice. This principle is embodied in Section 3553(a)(6), which "is concerned with national disparities among the many defendants with similar backgrounds convicted of similar criminal conduct." *United States v. Simmons*, 501 F.3d 620, 623 (6th Cir. 2007). Generally, "national uniformity is . . . taken into account by the Sentencing Guidelines, which are almost certainly the best indication of ordinary practice since most sentences are within the guidelines." *Id*. at 626 (internal marks and citation omitted). Indeed, "[e]ven after Booker rendered the Sentencing Guidelines advisory, district courts have *in the vast majority of cases* imposed either within-Guidelines sentences or sentences that depart downward from the Guidelines on the Government's motion." *Hughes v. United States*, 138 S. Ct. 1765, 1777 (2018) (internal marks and citation omitted; emphasis added).

A sentence of 259 months' imprisonment, after taking into account the value of Shaw's substantial assistance, adequately reflects the relevant 3553(a) factors, preserves the integrity of the Sentencing Guidelines, and promotes national uniformity.

By way of comparison, the United States offers the following cases for the Court's consideration, which involved defendants convicted of production of child pornography, attempted production of child pornography, enticement of a minor to engage in sexual activity, and/or attempted enticement of a minor to engage in sexual activity. *See United States v. Juan Antonio Garcia*, 21-CR-14044 (S.D. Fla.) (defendant with criminal history category I sentenced to 310 months' imprisonment for attempted production of child pornography and attempted enticement of a 15-year old victim); *United States v. Billy Joe Gann, Jr.*, 21-CR-14034 (S.D. Fla.) (defendant with criminal history category I sentenced to 420 months' imprisonment for production and distribution of child pornography involving a 7-year old victim); *United States v. Joseph Furey Lusk*, 21-CR-14036 (S.D. Fla.) (defendant with criminal history category V sentenced to 355 months' imprisonment for attempted enticement involving an undercover law enforcement officer posing as a 15-year-old, and committing a felony offense involving a minor while required to register as a sex offender); *United States v. Nicholas Antonio Zamudio-Hernandez*, 21-CR-14031 (S.D. Fla.) (defendant with criminal history category I sentenced to 360 months' imprisonment for production and possession of child pornography involving a minor victim under the age of 13).

## CONCLUSION

Based on the foregoing, the United States respectfully requests the Court to impose a sentence of 259 months' imprisonment, after taking into account the value of Shaw's substantial assistance.

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

By:   **/s/Carmen M. Lineberger**_____
Carmen M. Lineberger
Managing Assistant United States Attorney
Court ID# 5501180
101 South U.S. Highway 1
Suite 3100
Fort Pierce, Florida 34950
Telephone: (772) 466-0899
Email:carmen.lineberger@usdoj.gov

By:   **/s/Michael D. Porter**_____
Michael D. Porter
Assistant United States Attorney
Florida Bar# 0031149
101 South U.S. Highway 1
Suite 3100
Fort Pierce, Florida 34950
Telephone: (772) 293-0950
Email:michael.porter2@usdoj.gov

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on August 24, 2023, a copy of the foregoing was filed electronically.

Notice of this filing will be sent by operation of the Court's electronic filing system to all parties

indicated on the electronic filing receipt.   All other parties will be served by either regular U.S.

mail or inter-office delivery.

**/s/Michael D. Porter**
Michael D. Porter
Assistant United States Attorney
